JUDGE HOLWELL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TARA KATES

                 Plaintiff,

    -against-

RUBIN & ROTHMAN, LLC,

                 Defendant.
------------------------------------------------------------X

No.:

Jury Demanded

09 CV 8451

Complaint for Violations of the
<u>Fair Debt Collections Practice Act</u>

*Introduction*

1.    Plaintiff brings this action against Defendant for its violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* The FDCPA prohibits debt collectors from engaging in abusive, deceptive, unfair, and illegal collection practices.

2.    Defendant violated the FDCPA by bringing a legal action against Plaintiff in an improper judicial district.

*Jurisdiction and Venue*

3.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4.    Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

5.    Venue is proper in this district under 28 U.S.C. § 1391(b), because the acts and transactions that give rise to this action occurred, in substantial part, in

New York City and in this district, and directly affected Plaintiff, who resides in Manhattan.

6. Venue is also proper in this district since Defendant can be found, has agents and transacts business in this district.

## *Parties*

7. Plaintiff Tara Kates is a citizen of New York State who resides within this District.

8. Kates is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

9. Defendant Rubin & Rothman, LLC is a company engaged in the business of collecting debts in New York State.

10. Defendant's principal place of business is located at 1787 Veterans Highway, Islandia, New York 11749.

11. Upon information and belief, Defendant's principal purpose is the collection of debts using the mails, telephone, and litigation.

12. Upon information and belief, Defendant regularly attempts to collect debts alleged to be due another using the mails, telephone, and litigation.

13. Defendant is a "debt collector," as defined by FDCPA § 1692a(6).

## *Factual Allegations*

14. Defendant sought to collect an alleged debt from Plaintiff.

15. The alleged debt arose out of transactions that were incurred primarily for personal, family, or household purposes.

16. The alleged debt that Defendant sought to collect from Plaintiff is a "debt," as that term is defined by § 1692a(5) of the FDCPA.

17. On or about October 6, 2008, Defendant filed a "Consumer Credit Transaction" complaint on behalf of Citibank (South Dakota) N.A. ("Citibank") against Plaintiff in the Supreme Court of the State of New York, County of Kings. A copy of the Summons and Complaint is attached as Exhibit A.

18. In the Summons, Defendant falsely stated that the basis for venue in Kings County is Defendant's residence.

19. Plaintiff has never resided in Kings County and never signed a contract with Citibank in Kings County.

20. In fact, in the Summons and Complaint, Defendant correctly identifies Plaintiff's address in New York County where she was residing at the time Defendant commenced the legal action on October 6, 2008.

21. Although Plaintiff has advised Defendant in her Answer to the Complaint that Defendant sued in the wrong venue, Defendant has failed to discontinue the case or move to transfer the case to the correct forum.

22. Instead, Defendant ignored Plaintiff's Answer and continues to prosecute its case on behalf of Citibank in Kings County.

## COUNT I
### Violations of §§ 1692i, e, and f of the
### Fair Debt Collection Practices Act, and their subsections

23. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

24. Section 1692i of the FDCPA requires that a debt collector bring legal actions only in the judicial district or similar legal entity in which the consumer signed the contract sued upon, or in which the consumer resides at the commencement of the action.

25. The legal action filed by Defendant on October 6, 2008 violates 15 U.S.C. § 1692i, because Plaintiff never lived in Kings County and never signed any contract with Citibank in Kings County. This is also a false and deceptive practice under §§ 1692e and e(5) and an unfair and unconscionable practice under § 1692f.

26. Defendant's violation of 15 U.S.C. §1692, *et seq.*, renders it liable to Plaintiff.

27. As a result of Defendant's illegal, deceptive, and unfair debt collection practices, Defendant is liable to the Plaintiff.

### *Demand for Jury Trial*

28. Plaintiff demands a trial by Jury.

### *Prayer for Relief*

WHEREFORE, Plaintiff prays that this Court grant the following relief in her favor, and that judgment be entered against Defendant for the following:

(A) Actual damages as provided by § 1692k(a)(1) of the

FDCPA;

(B) Statutory damages as provided by § 1692k(a)(2) of the FDCPA;

(C) Attorneys' fees, litigation expenses and costs;

(D) A declaration that the legal action brought by Defendant on October 6, 2008 violates the FDCPA; and

(E) Any other relief that this Court deems appropriate under the circumstances.

Dated:   New York, New York
         October 5, 2009

                                          Respectfully submitted,

                                          By: /s/ Peter T. Lane
                                                Peter T. Lane
                                                One of Plaintiff's Attorneys

**Attorneys for Plaintiff**

Peter T. Lane
Brian L. Bromberg
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY  10005
(212) 248-7906

# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------
CITIBANK (SOUTH DAKOTA) N.A

                        Plaintiff

    -against-

TARA MARX
A/K/A TARA KATES

                       Defendant(s)
-------------------------------------------

   CONSUMER CREDIT TRANSACTION

Index No: 27648-08

Date Filed: _____
Plaintiff designates KINGS
County as the place of trial

SUMMONS (COPY)

The basis of venue is:
DEFENDANT'S RESIDENCE

Plaintiff's Residence:
701 EAST 60TH ST NORTH
SIOUX FALLS, SD 57117
County of MINNEHAHA

OCT 0 6 2008

To the above named defendant(s):

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons to serve a notice of appearance, on the Plaintiff's Attorney(s) within TWENTY days after the service of this summons, exclusive of the day of service (or within THIRTY days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: Islandia, New York
      SEPTEMBER 26, 2008

RUBIN & ROTHMAN, LLC
Attorneys for Plaintiff
1787 Veterans Highway
Islandia, N.Y. 11749
(631) 234-1500

DEFENDANT(S) ADDRESS:

D1: TARA MARX
139 W 82ND STREET    APT 4H   NEW YORK, NY 10024

WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
NYC DCA LIC. 1249720

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------
CITIBANK (SOUTH DAKOTA) N.A

                        Plaintiff

        -against-                    COMPLAINT (COPY)

TARA MARX
A/K/A TARA KATES
                       Defendant(s)
-----------------------------------------

Plaintiff, by its attorneys, complaining of the defendant(s), alleges:

### AS AND FOR A FIRST CAUSE OF ACTION

1. Defendant(s) resides in the county in which this action is brought; or transacted business in the county in which this action is brought in person or through an agent, or this cause of action arose out of said transaction. Plaintiff is not required to be licensed by the NYC Dept of Consumer Affairs because it is a passive debt buyer or the original creditor.
2. Plaintiff is a national bank located in South Dakota.

3. Defendant(s) used a credit card issued by plaintiff and agreed to make payments for goods and services charged and/or cash advances made upon such card.

4. Defendant(s) failed to make the payments due pursuant to such agreement, and $ 27,174.31 is now due and owing to plaintiff from defendant(s), together with interest on $ 27,174.31 from 1/16/04 at the rate of .00 % per annum.

### AS AND FOR A SECOND CAUSE OF ACTION

5. Defendant(s) accepted plaintiff's statements without objection.

6. By reason thereof, an account was stated between plaintiff and defendant(s) in the aforesaid amount.

WHEREFORE, plaintiff demands judgment against defendant(s) in the sum of $ 27,174.31, with interest on $ 27,174.31 from 1/16/04 at the rate of .00 % per annum and the costs and disbursements of this action.

Dated: Islandia, New York
      SEPTEMBER 26, 2008                  RUBIN & ROTHMAN, LLC
                                                Attorneys for Plaintiff
                                                1787 Veterans Highway
                                                Islandia, N.Y. 11749
                                                (631) 234-1500

Deponent is an attorney associated with Rubin & Rothman, LLC. To the best of deponent's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the summons and complaint or the contentions therein are not frivolous as defined in section 130-1.-(c) of the Rules of the Chief Adm. and the matter was not obtained through illegal conduct or in violation of 22 NYCRR 1200.41-a (DR 7-111).

Dated:    SEPTEMBER 26, 2008      _____/S/_____    _____
                                         FRANCIS N. ANDERSON   ANGELO L. SIRAGUSA

WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE
USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
NYC DCA LIC. 1249720